MARTIN J. BRILL (State Bar No. 53220)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: mjb@lnbyb.com, tma@lnbyb.com

Proposed Counsel for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL L. TERHEGGEN,<br><br>          Debtor and Debtor in Possession. | Case No.: 2:16-bk-24552-DS<br><br>Chapter 11 Case<br><br>**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CROWE HORWATH LLP AS ACCOUNTANTS PURSUANT TO 11 U.S.C. §§ 327 AND 330; DECLARATION OF DAVID AGLER IN SUPPORT THEREOF**<br><br>[No hearing required unless requested per L.B.R. 2014-1(b)] |

      In support of this Application to employ Crowe Horwath LLP ("Crowe Horwath") as bankruptcy accountants (the "Application") pursuant to 11 U.S.C. §§ 327 and 330, Daniel L. Terheggen, the debtor and debtor in possession herein (the "Debtor"), hereby alleges as follows:

## A.     BASIC BACKGROUND.

      On November 2, 2016 (the "Petition Date"), the Debtor filed for Chapter 11 Bankruptcy protection in this Court. Subject to the exceptions set forth in Section 541(b), the Debtor's bankruptcy estate (the "Estate") contains all of the Debtor's property and, pursuant to the Bankruptcy Code, after the Petition Date, claims against the Debtor are claims against the Estate and are to be satisfied from

1

property of the Estate. Therefore, where necessary, property that was owned by the Debtor prior to the Petition Date is to be deemed to be property of the Estate after the Petition Date.

The Debtor continues to operate his business, manage his financial affairs and operate his Estate as a debtor in possession pursuant to Sections 1107 and 1108. In particular, the Debtor (1) is the CEO of Consolidated Smart Systems, LLC ("Parent"), an entity currently owned 89% by Debtor before the Petition Date and 89% by the Estate after the Petition Date, and Parent's subsidiaries Consolidated Smart Broadband Systems, LLC and Consolidated Smart Systems II (together with Parent "Borrowers") and (2) manages a commercial building located at 620 135th St. Gardena, CA 90248.

**B.      THE BORROWERS' BUSINESS AND DEBT, AND THE DEBTOR'S PERSONAL GUARANTIES THEREOF.**

As noted, the Estate owns an 89% membership interest in Parent, which has two subsidiaries. The original primary business of Parent and its subsidiaries was acting as a DirecTV dealer selling and placing DirecTV and internet services into large multi-housing developments ("MHDs") such as apartment and condominium complexes. In 2008, Parent was the fastest growing dealer in the foregoing sector. However, at the end of 2009, DirecTV changed its credit policy for tenants in MHDs. Prior to 2009, unlike individual residential customers, tenants of MHDs were not required to provide or meet any credit requirements. After 2009, tenants of MHD's were required to provide and meet DirecTV's credit requirements. This resulted in a dramatic decrease in Parent's sales and eviscerated Parent's core business. The same effect was felt industry-wide, as the top 5 DirecTV's dealers to MHDs lost over $500 million.

In connection with the operation of their business, the Borrowers obtained a number of loans (the "Loans") from various lenders (the "Original Lenders"), and the Debtor provided personal guaranties of the Loans (the "Guaranties"). Due to the aforementioned decimation of the Borrowers' business, the Borrowers defaulted on the Loans and the Guaranties became enforceable against the Debtor. Thereafter, the Loans and related Guaranties were sold, assigned, and transferred by the Original Lenders to Consolidated Holding Group, LLC ("Holding Co."). The Debtor does not own, hold, or control any of the membership interests in Holding Co.

**C.** **THE DEBTOR'S REASONS FOR FILING BANKRUPTCY, NEED AND REQUEST TO EMPLOY ACCOUNTANTS, AND EXIT STRATEGY.**

The Debtor filed the instant Chapter 11 bankruptcy case in order to address and resolve claims (the "Guaranty Claims") against the Debtor based on the Guaranties, as well as other claims against the Debtor. The Debtor required experienced accountants to assist him with various tax issues arising as a result of the filing of the Debtor's bankruptcy case, as well as to prepare tax returns for the Estate and the Debtor going forward. Crowe Horwath, together with Grobstein Horwath prior to the combining of the firms, has been preparing tax returns for the Debtor and Parent and its subsidiaries for more than 25 years. Additionally, prior to the Petition Date, Crowe Horwath advised the Debtor and his proposed bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), regarding tax issues that would arise as a result of the filing of the Debtor's bankruptcy case and efforts to eliminate or discharge the Guaranty Claims in the Debtor's bankruptcy case. Based on the foregoing and the experience and qualifications of Crowe Horwath's professionals that had been providing services to the Debtor prior to the Petition Date, the Debtor determined that Crowe Horwath was well-qualified to provide accounting services to the Debtor in the Debtor's bankruptcy case and, therefore, engaged Crowe Horwath as accountants, subject to Court approval.

Accordingly, pursuant to the Application, the Debtor is seeking to employ Crowe Horwath as his accountants to render, among others, the following types of professional services:

a. advising the Debtor and his bankruptcy counsel with regard to tax issues arising as a result of the filing of the Debtor's bankruptcy case and efforts to eliminate or discharge the Guaranty Claims in the Debtor's bankruptcy case;

b. providing tax planning and tax consulting to the Debtor and his bankruptcy counsel;

c. obtaining a tax payer identification number for the Estate;

d. preparing tax returns for the Debtor and the Estate; and

e. performing any other services which may be appropriate under Crowe Horwath's retention as the Debtor's accountants.

The Debtor has already taken steps to resolve the Guaranty Claims that were the principal reason for the Debtor to file his bankruptcy case. More specifically, in an effort to resolve the Guaranty Claims, soon after the Petition Date, the Debtor, with the assistance of LNBYB and Crowe Horwath, negotiated, drafted, and entered into an agreement whereby the Estate will pay $500,000 to purchase the Guaranty Claims from Holding Co, which will eliminate the $93 million in Guaranty Claims (the "Purchase Agreement"). Soon thereafter, the Debtor filed a motion seeking, among other things, approval of the Purchase Agreement and the transaction contemplated thereby (the "Purchase Motion") [Dkt. 11]. There were no objections to the Purchase Motion. Therefore, the Debtor expects that the Purchase Motion will be granted at the hearing thereon set for December 7, 2016. The Estate is pre-Petition Date current on all of its debt obligations to all of its creditors other than on the obligations to Holding Co. on the Guaranties, which will be eliminated, assuming the Purchase Motion is granted. Therefore, once the Purchase Motion is granted, the Debtor believes that he will be able to quickly propose and consummate a fully consensual plan with no impaired creditors, which is the Debtor's exit strategy.

**D.      DISCLOSURES REGARDING CROWE HORWATH'S COMPENSATION AND DISINTERESTEDNESS.**

Within the one year period before the Petition Date (*i.e.*, between November 2, 2015 through November 2, 2016), the Debtor paid Crowe Horwath $9,880 for pre-bankruptcy tax planning, general accounting services, and related and expenses. Crowe Horwath was paid current and was owed no amounts as of the Petition Date. Crowe Horwath does did not receive any retainer for post-Petition legal fees and expenses incurred in the bankruptcy case. There will be no written employment agreement separate from the Application and the order thereon. The only source of payment of compensation for Crowe will be from the Estate. Crowe Horwath will seek Court authority to be paid from the Debtor's Estate for any and all fees incurred and expenses advanced by Crowe Horwath after the Petition Date. Crowe Horwath recognizes that the payment of such fees and expenses will be subject to further Court order after notice and a hearing.

Crowe Horwath will bill its time for serves provided to the Debtor on an hourly billing basis in accordance with Crowe Horwath's standard hourly billing rates. Crowe Horwath will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Crowe Horwath during the previous month. Crowe Horwath will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the Office of the United States Trustee. The Debtor expects that David Agler and Susan P. Tomlinson will be the primary professionals at Crowe Horwath responsible for providing accounting services to the Debtor during his Chapter 11 case. The current hourly billing rates for these professionals are $665 and $560, respectively. The current hourly billing rates for Crowe Horwath's other professionals that may work on the Debtor's matter range from $130 and $425. The résumés for Crowe Horwath, Mr. Agler, and Ms. Tomlinson are collectively attached hereto as **Exhibit "1."**

Crowe Horwath understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of Crowe Horwath as accountants and of all fees and reimbursement of expenses that Crowe Horwath will receive from the Debtor and the Debtor's Estate.

Crowe Horwath does not have a pre-petition claim against the Debtor or his Estate. Other than as set forth hereinabove, Crowe Horwath does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

As set forth in the annexed declaration, to the best of Crowe Horwath's knowledge, other than as set forth above, Crowe Horwath does not hold or represent any interest adverse to the Debtor or the Debtor's Estate, and Crowe Horwath is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

Crowe Horwath has worked with LNBYB in a number of other cases. Crowe Horwath has been employed as accountants and in other capacities in cases in which LNBYB attorneys have served as Chapter 7 and/or 11 Trustees. Other than as set forth above, to the best of Crowe Horwath's knowledge, Crowe Horwath has no prior connection with the Debtor, any creditors of the Debtor or his Estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

1    Crowe Horwath is not a creditor, an equity security holder or an insider of the Debtor.

2    Crowe Horwath is not and was not an investment banker for any outstanding security of

3 the Debtor.  Crowe Horwath has not been within three (3) years before the Petition Date an investment

4 banker for a security of the Debtor, or an attorney for such an investment banker in connection with

5 the offer, sale or issuance of any security of the Debtor.

6    Neither Crowe Horwath nor any of its professionals are, or were, within two (2) years

7 before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for

8 any security of the Debtor.

9    Neither Crowe Horwath nor any of its professionals are a relative or an employee of the

10 United States Trustee or a Bankruptcy Judge.

11    Crowe Horwath has not shared or agreed to share its compensation for representing the

12 Debtor with any other person or entity, except among its members.

13    As set forth in the annexed declaration, to the best of Crowe Horwath's knowledge,

14 Crowe Horwath does not hold or represent any interest materially adverse to the interest of the Estate

15 or of any class of creditors or equity security holders, by reason of any direct or indirect relationship

16 to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor,

17 or for any other reason.

18    The Debtor believes that his employment of Crowe Horwath upon the terms and

19 conditions set forth above is in the best interest of the Debtor's Estate.

20

21

22 / / /

23 / / /

24 / / /

25

26

27

28

1           **WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's

2 employment of Crowe Horwath as his accountants upon the terms and conditions set forth above

3 effective as of the Petition Date of November 2, 2016.

4

5 Dated: December 2, 2016                                     
DANIEL L. TERHEGGEN

6

7 PRESENTED BY:

8 LEVENE, NEALE, BENDER, YOO

9   & BRILL L.L.P.

10 By: */s/ Todd M. Arnold*
    MARTIN J. BRILL

11     TODD M. ARNOLD

12     Proposed Attorneys for the Debtor and
    Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID AGLER

I, DAVID AGLER, hereby declare as follows:

1.    I am over 18 years of age. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am a Principal with the public accounting and consulting firm of Crowe Horwath LLP ("Crowe Horwath"). Crowe Horwath has offices located throughout the United States. Crowe maintains an office at 15233 Ventura Blvd., Ninth Floor, Sherman Oaks, California 91403.

3.    I am an attorney at law admitted to practice before the courts of the State of California, the United States District Court for the Central District of California, and the United States Court of Appeal for the Ninth Judicial District. I have practiced tax law for more than 34 years in a law firm or accountancy firm, and I have a Masters of Law (LL.M) in taxation from New York University School of Law.

4.    I make this Declaration in support of the Application to which this Declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meaning as in the Application.

5.    I am informed and believe that the Debtor filed the instant Chapter 11 bankruptcy case in order to address and resolve claims (the "Guaranty Claims") against the Debtor based on the Guaranties, as well as other claims against the Debtor. I am informed and believe that the Debtor determined that he required experienced accountants to assist him with various tax issues arising as a result of the filing of the Debtor's bankruptcy case, as well as to prepare tax returns for the Estate and the Debtor going forward. Crowe Horwath, together with Grobstein Horwath prior to the combining of the firms, has been preparing tax returns for the Debtor and Parent and its subsidiaries for more than 25 years. Additionally, prior to the Petition Date, Crowe Horwath advised the Debtor and his proposed bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), regarding tax issues that would arise as a result of the filing of the Debtor's bankruptcy case and efforts to eliminate or discharge the Guaranty Claims in the Debtor's bankruptcy case. I am informed and believe that, based on the foregoing and the experience and qualifications of Crowe Horwath's professionals that had been providing services to the Debtor prior to the Petition Date, the Debtor

determined that Crowe Horwath was well-qualified to provide accounting services to the Debtor in the Debtor's bankruptcy case and, therefore, engaged Crowe Horwath as accountants, subject to Court approval.

6. Accordingly, pursuant to the Application, the Debtor is seeking to employ Crowe Horwath as his accountants to render, among others, the following types of professional services:

a. advising the Debtor and his bankruptcy counsel with regard to tax issues arising as a result of the filing of the Debtor's bankruptcy case and efforts to eliminate or discharge the Guaranty Claims in the Debtor's bankruptcy case;

b. providing tax planning and tax consulting to the Debtor and his bankruptcy counsel;

c. obtaining a tax payer identification number for the Estate;

d. preparing tax returns for the Debtor and the Estate; and

e. performing any other services which may be appropriate under Crowe Horwath's retention as the Debtor's accountants.

7. The Debtor has already taken steps to resolve the Guaranty Claims that were the principal reason for the Debtor to file his bankruptcy case. More specifically, I am informed and believe, in an effort to resolve the Guaranty Claims, soon after the Petition Date, the Debtor, with the assistance of LNBYB and Crowe Horwath, negotiated, drafted, and entered into an agreement whereby the Estate will pay $500,000 to purchase the Guaranty Claims from Holding Co, which will eliminate the $93 million in Guaranty Claims (the "Purchase Agreement"). Soon thereafter, the Debtor filed a motion seeking, among other things, approval of the Purchase Agreement and the transaction contemplated thereby (the "Purchase Motion") [Dkt. 11]. I am informed and believe that there were no objections to the Purchase Motion. I am informed and believe that, therefore, the Debtor expects that the Purchase Motion will be granted at the hearing thereon set for December 7, 2016. I am informed and believe that the Estate is pre-Petition Date current on all of its debt obligations to all of its creditors other than on the obligations to Holding Co. on the Guaranties, which will be eliminated, assuming the Purchase Motion is granted. Therefore, I am informed and believe that, once the Purchase Motion is granted, the Debtor believes that he will be able to quickly

propose and consummate a fully consensual plan with no impaired creditors, which is the Debtor's exit strategy.

8. Within the one year period before the Petition Date (*i.e.*, between November 2, 2015 through November 2, 2016), the Debtor paid Crowe Horwath $9,880 for pre-bankruptcy tax planning, general accounting services, and related and expenses. Crowe Horwath was paid current and was owed no amounts as of the Petition Date. Crowe Horwath does did not receive any retainer for post-Petition legal fees and expenses incurred in the bankruptcy case. There will be no written employment agreement separate from the Application and the order thereon. The only source of payment of compensation for Crowe will be from the Estate. Crowe Horwath will seek Court authority to be paid from the Debtor's Estate for any and all fees incurred and expenses advanced by Crowe Horwath after the Petition Date. Crowe Horwath recognizes that the payment of such fees and expenses will be subject to further Court order after notice and a hearing.

9. Crowe Horwath will bill its time for serves provided to the Debtor on an hourly billing basis in accordance with Crowe Horwath's standard hourly billing rates. Crowe Horwath will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Crowe Horwath during the previous month. Crowe Horwath will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the Office of the United States Trustee. I expect that that Susan P. Tomlinson and I will be the primary professionals at Crowe Horwath responsible for providing accounting services to the Debtor during his Chapter 11 case. The current hourly billing rates for these professionals are $560 and $665, respectively. The current hourly billing rates for Crowe Horwath's other professionals that may work on the Debtor's matter range from $130 and $425. The résumés for Crowe Horwath, me, and Ms. Tomlinson are collectively attached hereto as **Exhibit "1."**

10. Crowe Horwath understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of Crowe Horwath as accountants and of all fees and reimbursement of expenses that Crowe Horwath will receive from the Debtor and the Debtor's Estate.

11. Crowe Horwath does not have a pre-petition claim against the Debtor or his Estate.

Other than as set forth hereinabove, Crowe Horwath does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

12.     To the best of my knowledge, other than as set forth above, Crowe Horwath does not hold or represent any interest adverse to the Debtor or the Debtor's Estate, and Crowe Horwath is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

13.     Crowe Horwath has worked with LNBYB in a number of other cases. Crowe Horwath has been employed as accountants in other capacities in cases in which LNBYB attorneys have served as Chapter 7 and/or 11 Trustees. Other than as set forth above, to the best of my knowledge, Crowe Horwath has no prior connection with the Debtor, any creditors of the Debtor or his Estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

14.     Crowe Horwath is not a creditor, an equity security holder or an insider of the Debtor.

15.     Crowe Horwath is not and was not an investment banker for any outstanding security of the Debtor. Crowe Horwath has not been within three (3) years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

16.     Neither Crowe Horwath nor any of its professionals are, or were, within two (2) years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

17.     Neither Crowe Horwath nor any of its professionals are a relative or an employee of the United States Trustee or a Bankruptcy Judge.

18.     Crowe Horwath has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

/ / /

/ / /

/ / /

11

19.     To the best of my knowledge, Crowe Horwath does not hold or represent any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 2nd day of December 2016, at Los Angeles, California.

DAVID AGLER

**EXHIBIT "1"**

# CROWE HORWATH LLP

Biographies of Professionals

## PARTNERS

**DAVID M. AGLER, JD, LLM,** New York University School of Law (LL.M. Taxation, 1981) and Pepperdine University School of Law (J.D., 1980) is a Partner in the firm's Tax Department. Mr. Agler practices in the area of international and domestic taxation including bankruptcy and insolvency taxation. He has extensive experience in planning and structuring acquisitions, reorganizations and dispositions of solvent and insolvent businesses and property by foreign and domestic persons including individuals, sole proprietorships, corporations, limited liability companies, partnerships and trusts. Mr. Agler was previously a tax partner in a national law firm. He is a member of the American, California and Los Angeles County Bar Associations, the Los Angeles Bankruptcy Forum, California Bankruptcy Forum and the American Bankruptcy Institute. He is the past Chairman of the Pass-Through Entities subsection of the Tax Section of the Los Angeles County Bar Association.

**SUSAN TOMLINSON, CPA,** California State University Northridge (B.S. Accountancy, 1981; Masters in Taxation, 1988) is a Partner in the firm's Tax Department. She has written several articles on bankruptcy tax related subjects and spoken to various groups on various tax related subjects. She has advised many bankruptcy trustees and their counsel regarding income tax planning, structuring, and compliance issues in both insolvency and receivership matters including debt restructuring and cancellation, abandonment of assets and discharge of taxes. Ms. Tomlinson is a member of the AICPA, the Cal Society of CPAs, the Taxation Section of the L.A. County Bar Association, the Los Angeles Bankruptcy Forum, the Association of Insolvency Accountants and the National Association of Bankruptcy Trustees.

Crowe Horwath.

# The Unique Alternative
# to the Big Four®

**Crowe Horwath LLP Firm Profile**

# One Resource for One World

Every day – somewhere in the world – financial regulations and rules are changing. Finding opportunities to enter new markets and optimize efficiency takes diligence and focus. Crowe Horwath LLP leverages the comprehensive knowledge we gain through a global network to offer timely, accurate, and cost-effective services no matter where your business is located.

## A National Firm With a Global Reach

Businesses across the globe and around the corner are turning to Crowe for assistance and expertise in understanding their operational needs and meeting evolving compliance requirements. As one of the largest public accounting and consulting firms in the United States, Crowe has become more widely known as we continue to expand our reach and our commitment to serve clients worldwide.

## The Power of Crowe

Founded in 1942 as Crowe Chizek,® Crowe is one of the fastest-growing firms in the U.S. with an expanding footprint of offices. Over the course of seven decades, Crowe has evolved from a small local firm to an independent member of Crowe Horwath International – one of the largest global accounting networks. Crowe has the resources to offer multinational companies access to more than 150 independent accounting and advisory services firms with offices in more than 100 countries around the world. Instead of seeking merely to export professional knowledge, this global connection wields a truly international association of business specialists drawn from the leaders of their professional communities.

With today's rapid globalization and increasingly competitive markets, business leaders around the world are expressing needs we can help fulfill with our internationally recognized audit, tax, and advisory services. We can help sort through the complexity for U.S. companies with operations abroad and for global companies doing business in this country.



"Relationships start by building value with personal attention and global awareness."

Chuck Allen, CEO
Chicago

# Audit Services

## We Deliver High-Quality Solutions

Crowe places strong emphasis on maintaining professional excellence. We strive to demonstrate the highest levels of professionalism, integrity, and mutual respect in everything we do. Crowe is one of only a small group of U.S. accounting firms subject to annual inspection by the Public Company Accounting Oversight Board (PCAOB). We maintain a rigorous quality control system to verify that our auditing practices follow both PCAOB and firm standards.

Audit services include:

- External audit
- Benefit plan audit
- Specialized audits

Accounting and financial reporting services include:

- Financial reporting
- Accounting advisory

# Tax Services

## We Provide Good Economic Value

Our tax professionals can help identify opportunities to improve cash flow, reduce tax burden, and increase shareholder value.

Tax services include:

- Federal tax
- State and local tax
- International tax
- Tax accounting services
- Private client services

# Advisory Services

## We Make Our Clients Feel Valued

Clients frequently need objective perspective and experienced, specialized talent to get complex jobs done timely and accurately with value-added insight. Our senior-level financial advisers work with you to understand your strategic growth, restructuring, litigation, business preservation, and asset recovery objectives and help you develop plans to help accelerate your business goals.

Advisory services include:

- Bankruptcy and insolvency services
- Benefit plan consulting and compliance services
- Business interruption claims support
- Business management
- Corporate finance consulting
- Dispute resolution support
- Forensic services
- Fresh start accounting
- Restructuring advisory
- Royalty examinations
- Transaction services
- Merger and acquisition integration
- Valuation

# Risk Consulting Services

## We Provide Access to Partners

The Crowe delivery model was intentionally developed to provide our practicing thought leaders the opportunity to engage with you to help develop and design the best solutions to meet your business needs. From our first interaction through completion of the engagement, our professionals work with you to help you navigate through your business challenges. We monitor market trends and regulatory developments and can provide insight on how your business will be affected, so you can plan in an ever-changing environment.

Risk consulting services include:

- Enterprise risk
- Regulatory risk
- Technology risk
- Fraud risk
- Operational risk
- Financial risk

# Performance Services

## We Have the Expertise to Provide Strategic Recommendations

Solving complex business issues requires a collaborative approach. You know your organization, and it's our job to listen well and apply the solution that meets your needs and expectations.

By combining deep industry knowledge, process knowledge, and technology know-how, we can offer you ways to help enhance your customer interactions, gain insight from your data, and improve your organization's overall performance. Our advisory, revenue enhancement, operational improvement, and applied technology services are delivered using a rapid, intensive approach of bundling best practices, technical components, and comprehensive industry insights.

Performance services include:

- Advisory services
- Revenue enhancement
- Operational improvement
- Applied technology

# Leading Industry Insight

By aligning our specialists along industry lines, we add depth and breadth of knowledge to our solutions. Our professionals are committed to maintaining our reputation for technical excellence, team performance, efficiency, and high-quality service. This industry specialization gives us a better view to help us understand your business and the unique challenges you face. As a result, you benefit from solutions delivered by people with a thorough understanding of your marketplace.

## Finding the Right Balance of Information

We have a track record of credibility among key industry players, including lenders and professional organizations. Our teams understand your market and business challenges and stay informed on relevant current events and trends. By gaining insight into market trends and regulatory developments, we are able to provide practical applications for your business.

It's not enough to just provide guidance on what is happening today because you need to know what's on the horizon. Our issue- and service-focused newsletters, events, e-communications, and social networking sites report the whole picture to help keep you connected.

Our experience and thought leadership cover all the major market sectors:

- Construction
- Financial Services
- Food and Commodities
- Government
- Healthcare
- Higher Education
- Manufacturing and Distribution
- Not-for-Profit
- Private Equity Groups
- Retail Dealer

# Crowe Horwath LLP,
# The Unique Alternative®

Crowe Horwath LLP (www.crowehorwath.com) is one of the largest public accounting and consulting firms in the United States. Under its core purpose of "Building Value with Values®," Crowe uses its deep industry expertise to provide audit services to public and private entities while also helping clients reach their goals with tax, advisory, risk, and performance services. With offices coast to coast and 2,600 personnel, Crowe is recognized by many organizations as one of the country's best places to work. Crowe serves clients worldwide as an independent member of Crowe Horwath International, one of the largest global accounting networks in the world, consisting of more than 150 independent accounting and advisory services firms in more than 100 countries around the world.

## Where We Are

**California**
Los Angeles
Orange County
Sacramento
San Francisco

**Florida**
Fort Lauderdale
Lakeland
Tampa

**Georgia**
Atlanta

**Illinois**
Chicago
Oak Brook
Springfield

**Indiana**
Elkhart
Fort Wayne
Indianapolis
South Bend

**Kentucky**
Lexington
Louisville

**Michigan**
Grand Rapids

**New Jersey**
Livingston

**New York**
New York

**Ohio**
Cleveland
Columbus

**Tennessee**
Nashville
Knoxville

**Texas**
Dallas
Irving

**Washington, D.C.**



## Contact Information

We invite you to learn why companies are turning to Crowe as their preferred provider of public accounting and consulting services. To learn more, contact us at 800.599.2304 or visit our website at www.crowehorwath.com.

---

DISCLOSURE REQUIRED BY U.S. TREASURY DEPARTMENT CIRCULAR 230: Crowe Horwath LLP must inform you that any advice in this communication to you was not intended or written to be used, and cannot be used, to avoid any government penalties that may be imposed on a taxpayer.

Crowe Horwath LLP is an independent member of Crowe Horwath International, a Swiss verein. Each member firm of Crowe Horwath International is a separate and independent legal entity. Crowe Horwath LLP and its affiliates are not responsible or liable for any acts or omissions of Crowe Horwath International or any other member of Crowe Horwath International and specifically disclaim any and all responsibility or liability for acts or omissions of Crowe Horwath International or any other Crowe Horwath International member. Accountancy services in Kansas and North Carolina are rendered by Crowe Chizek LLP, which is not a member of Crowe Horwath International. © 2013 Crowe Horwath LLP

FW13005

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY CROWE HORWATH LLP AS ACCOUNTANTS PURSUANT TO 11 U.S.C. §§ 327 AND 330; DECLARATION OF DAVID AGLER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ***December 2, 2016***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold     tma@lnbyb.com
- Martin J Brill     mjb@lnbrb.com
- Kenneth G Lau     kenneth.g.lau@usdoj.gov
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) ***December 2, 2016***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ***December 2, 2016***, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 2, 2016 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**